UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHAN ELSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:20-cv-00670-JMS-DLP ) |
| ALEXANDER, et al. | ) ) |
| Defendants. | ) |

**Order Granting Defendants' Motions for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Stephan Elsey, an inmate of the Indiana Department of Correction ("IDOC") at Putnamville Correctional Facility ("PCF"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Officer Alexander hit him in his abdomen and slammed his head into a door and that defendant Officer Norten stood by and watched while this took place. The defendants seek summary judgment arguing that Mr. Elsey failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, before filing this lawsuit. For the following reasons, the defendants' motion for summary judgment are **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted).

At the time of the incident, IDOC provided a grievance process through which inmates can seek to resolve concerns and complaints. Dkt. 38-1 ¶ 10. The grievance procedures at PCF are noted in the offender handbook. *Id.* The grievance process consists of the following steps: (1) A formal grievance submitted to the grievance specialist; (2) A Level 1 Appeal; and (3) A Level II Appeal. *Id.* ¶ 11. Successful completion of the grievance procedure requires an inmate to pursue each step in a timely manner using the proper forms. *Id*. ¶ 12.

On September 1, 2020, Mr. Elsey submitted a formal grievance alleging that he was assaulted by Officer Alexander and Officer Norten conspired with Officer Alexander to cover up the assault. Dkt. 38-4. For relief, he stated: "I would like for both officers to be terminated to

2

prevent this from happening to another offender. I'm also possibly seeking outside charges or action." *Id.* On September 18, 2020, the grievance was denied with the following explanation:

> I have reviewed your grievance concerns.
> All complaints against staff are reviewed and addressed. I can assure you that this facility as well as the Department is striving to maintain a professional atmosphere and staff members are expected to conduct themselves in an appropriate manner; however you must also remember to follow set guidelines and uphold good behavior yourself.
> The staff person you are referring to no longer works at this facility, therefore this grievance cannot properly be investigated at this time.
> Complaint denied.

Dkt. 38-5. Mr. Elsey signed the form on September 23, 2020, marking that he disagreed. *Id.* On October 9, 2020, the grievance case was closed because Mr. Elsey did not file a grievance appeal. Dkt. 38-6. An appeal form had been given to Mr. Elsey on September 29, 2020, and he was informed of the time limit for appealing the response. *Id.*; dkt. 38-1 ¶ 19.

In response to the motions for summary judgment, Mr. Elsey makes several factual assertions regarding his awareness of the grievances process, including that inmates must obtain permission to pursue the grievance process and that he was threatened for participating in the grievance process. Dkt. 48-1. But those statements are not sworn under penalties of perjury. Mr. Elsey was given the opportunity to provide a sworn affidavit and did not do so. Dkt. 53, 54. Accordingly, these statements are disregarded as inadmissible.

### III. Discussion

The defendants argue that Mr. Elsey failed to exhaust his available administrative remedies because he did not appeal the denial of his grievance as required by the grievance policy.

#### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516,

524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Mr. Elsey's Use of the Grievance Process

It is undisputed that Mr. Elsey filed only one grievance related to his claim. That grievance was denied because his claims could not be fully investigated, and Mr. Elsey did not appeal as required by the grievance policy. The defendants conclude, therefore, that Mr. Elsey failed to exhaust his available administrative remedies.

Mr. Elsey argues in response that there is no evidence that he was aware of the grievance process or that he is sufficiently literate to pursue the grievance process. But it is undisputed that Mr. Elsey filed a formal grievance related to his claims and marked "disagree" on the form explaining the denial of his grievance. Dkt. 38-4; dkt. 38-5. This is evidence of his awareness of and ability to use the grievance process. Next, Mr. Elsey argues that the grievance denial led him to believe that he could not pursue his grievance further and that there is no evidence that he was mailed an appeal form, but the defendants have presented evidence that he was mailed a form. Dkt. 38-1 ¶ 19; dkt. 38-6. Having failed to submit admissible evidence in response to the motion for summary judgment, Mr. Elsey has failed to point to evidence that he was not provided an appeal

form. And, because he was provided a form, it is undisputed that he could further pursue his grievance and did not.

In short, the grievance process required Mr. Elsey to appeal the denial of his grievance. Mr. Elsey was provided the opportunity to appeal and did not do so. He therefore failed to exhaust his available administrative remedies.

### IV. Conclusion

For the foregoing reasons, the defendants' motions for summary judgment, dkt. [38], dkt. [42], are **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 12/22/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

STEPHAN ELSEY
260614
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Thomas S Clary, II
Wright Shagley & Lowery, P.C.
tclary@wslfirm.com

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov